IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MONICA RENEE METCALF,** ) | | |
| **ID # 49309-177,** ) | | |
| Movant, ) | No. 3:19-CV-2463-L-BH | |
| ) | No. 3:15-CR-87-L (2) | |
| vs. ) | | |
| ) | | |
| **UNITED STATES OF AMERICA,** ) | | |
| Respondent. ) | Referred to U.S. Magistrate Judge[1] | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Based on the relevant findings and applicable law, the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody,* received on October 16, 2019 (doc. 1), should be transferred to the United States Court of Appeals for the Fifth Circuit as successive.

**I. BACKGROUND**

On November 24, 2015, Monica Renee Metcalf (Movant) pleaded guilty to carjacking and aiding and abetting (count one), and to using, carrying, and brandishing a firearm during and in relation to, and possessing and brandishing a firearm in furtherance of a crime of violence, and aiding and abetting (count two). (*See United States v. Metcalf,* No. 3:15-CR-87-L (N.D. Tex.), docs. 78, 85.) She was sentenced to a total of 176 months by judgment dated August 9, 2016. (*Id.*, doc. 139.) On January 3, 2017, she filed a motion to vacate her conviction and sentence under 28 U.S.C. § 2255, and it was denied on April 4, 2017. (*Id.,* doc. 143; *see also Metcalf v. United States,* No. 3:17-CV-15-L-BN (N.D. Tex. Apr. 4, 2017), docs. 3, 5, 6.)

---

[1] By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

In her second motion to vacate her sentence, Movant alleges that her Fifth Amendment right to Due Process was violated because she was sentenced based on an incorrect criminal history category, and that her Sixth Amendment right to effective assistance of counsel was violated because counsel failed to object to an "erroneous enhanced sentencing Guideline scheme" after Movant was charged with "enhanced mandatory minimum sentencing." (*See* doc. 1 at 4-5.)

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

Under 28 U.S.C. § 2255(h), a district court lacks jurisdiction over a successive § 2255 motion unless it was first authorized by a United States Court of Appeals. *See United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015). A subsequent § 2255 motion is considered successive when it: "1) raises a claim challenging the [movant's] conviction or sentence that was or could have been raised in an earlier [motion to vacate]; or 2) otherwise constitutes an abuse of the writ." *United States v. Orozco-Ramirez,* 211 F.3d 862, 867 (5th Cir. 2000) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Under *Orozco-Ramirez,* Movant was required to present all available claims related to his conviction or sentence in his first § 2255 motion. This "requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-

2

conviction claims and to consolidate them for a unitary presentation to the district court." 211 F.3d at 870-71 (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)).

Movant's current § 2255 motion challenges the same conviction as in her prior motion to vacate and raises claims that she could have raised in her first motion. Because she could have raised those claims in her earlier motion, this motion is successive within the meaning of § 2255. *See Orozco-Ramirez*, 211 F.3d at 867 ("Orozco-Ramirez's claims of ineffective assistance of counsel at trial were available to him and could have been asserted by him in his initial *habeas* motion. . . . Accordingly, they are 'second or successive' under AEDPA.") (internal citation omitted).

When a motion to vacate is second or successive, the movant must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider it. *See* 28 U.S.C. § 2244(b)(3)(A) (made applicable to motions to vacate by § 2255). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2).

Because the Fifth Circuit has not issued an order authorizing it to consider a successive § 2255 motion, this Court lacks jurisdiction to consider Movant's new § 2255 motion, and it is subject

to dismissal. *See Fulton*, 780 F.3d at 686. "Alternatively, a district court may transfer a petition lacking authorization to [the Fifth Circuit] for want of jurisdiction upon a finding that the petition is successive." *Id.* Here, the motion should be transferred.

### III.  RECOMMENDATION

The motion to vacate filed under 28 U.S.C. § 2255 should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit under *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002), and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

**SIGNED this 18th day of October, 2019.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE